UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA GUST, | Case No. 2:14-cv-00599-RFB-CWH |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| GAHTLIN BANKS, *et al.*, | |
| Defendants. | |

## BACKGROUND

On March 9, 2015, the Court issued an order directing the parties to file a stipulated discovery plan and scheduling order, no later than March 23, 2015, that complies with this Court's local rules. See Doc. # 17. Nothing was filed on the record by the set deadline, which prompted this Court to enter an order requiring the parties to show cause why the Court should not impose sanctions, up to and including a recommendation that this case be dismissed, for failing to comply with this Court's March 9th order. See Doc. # 19. Although Defendants filed a response to this Court's order to show cause, Plaintiff did not. See Doc. # 20; Doc. # 21. Moreover, at the show cause hearing held on April 30, 2015, only Defendants appeared before this Court. See Doc. # 22. A review of the record reveals Plaintiff has taken no action in this case since June 6, 2014. See Doc. # 13.

## DISCUSSION

The broad, underlying purpose of the Federal Rules of Civil Procedure ("FRCP") is to "secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed.R.Civ.P. 1. The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions

against parties that fail to comply with court orders or that unnecessarily multiply proceedings. Rule 16 of the FRCP is a central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." In re Phynylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." Id. Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order." Fed.R.Civ.P.16(f). Potential sanctions under Rule 37(b)(2)(A)(ii)-(vii) includes dismissal. See Fed.R.Civ.P.37(b)(2)(A)(v).

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failure to comply with a court order: (1) public interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to a defendant; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions. Phynylpropanolamine, 460 F.3d at 1226. "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." Id. (citing Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. Id. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id. (internal citations and quotations omitted).

**1.     Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. Phynylpropanolamine, 460 F.3d at 1227. "[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." Id. Here, Plaintiff failed to comply with this Court's order by failing to file a response to the order to show cause,

and failing to appear at the show cause hearing set on April 30, 2015. Plaintiff has taken no action in this case for nearly a year. Plaintiff's failures are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. As such, this factor weighs in favor of dismissal.

**2.    Court's Need to Manage Its Docket**

It has long been recognized that a district court's inherent power to control its docket includes the ability to issue sanctions of dismissal. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir 1986). The U.S. Supreme Court has held that the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Here, Plaintiff had nearly a year to prosecute his case but failed to do so. The fact that Plaintiff has been absent from this litigation since June 2014 has thwarted the advancement of this action, making it difficult for this Court to effectively manage its docket. As such, this factor weighs in favor of dismissal.

**3.    Risk of Prejudice to Defendant**

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990). Plaintiff's absence and failure to comply with this Court's order has not only made it impossible for this case to move forward, but is prejudicial to Defendants, who are entitled to conduct discovery, proceed to trial, and obtain a "rightful decision" in this case. As such, this factor also weighs in favor of dismissal.

**4.    Disposition of Cases on Merits**

The public policy favoring disposition of cases on the merits counsels against dismissal of a case. Phynylpropanolamine, 460 F.3d at 1228. Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." Id. Because Plaintiff is responsible for moving this case forward, his failure to do so has caused delay and thwarted progress, thereby supporting dismissal of the instant case.

**5.    Less Drastic Sanctions**

A court must consider the adequacy of less drastic sanctions before imposing dismissal. Malone,

833 F.2d at 131. Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. Id. at 132. Here, Plaintiff had nearly a year to prosecute his case, with the Court also providing Plaintiff the opportunity to proceed with the litigation. Yet, Plaintiff chose not to comply with this Court's order. Plaintiff was specifically warned that failure to comply would result in a recommendation to the district judge that the instant case be dismissed. Based on Plaintiff's failure to comply with this Court's order, and failure to prosecute this case for nearly a year, the Court can only surmise that Plaintiff has abandoned his claims and has no intention of moving this case forward. As such, this factor weighs in favor of dismissal of the instant case.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that this case be **dismissed without prejudice**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 1, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**